UNION DRAINAGE DIST. NO. 1 OF TOWN OF SOUTH HOMER

*v.*

DRAINAGE DISTRICT NO. 1 OF TOWN OF VANCE, etc.

*Opinion filed February 21, 1906.*

DRAINAGE—*appeal from judgment under act of 1903 is governed by general law.* An appeal from a judgment in favor of a drainage district against another district for benefits to the latter from the enlarged and increased outlet of the former district, as authorized by the act of 1903, (Laws of 1903, p. 160,) is governed by the general statute allowing appeals, and should be taken to the Appellate Court where there are no special features authorizing a direct appeal to the Supreme Court.

APPEAL from the County Court of Vermilion county; the Hon. S. MURRAY CLARK, Judge, presiding.

RAY, DOBBINS & RILEY, and J. B. MANN, for appellant.

REARICK & MEEKS, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

On the 22d day of March, 1905, a petition was filed by the appellee against the appellant in the county court of Vermilion county under the provisions of an act approved May

14, 1903, in force July 1, 1903, (Hurd's Stat. 1903, p. 776,) to recover the amount of benefits derived by the appellant from connecting its ditches with the enlarged ditches and increased outlet of appellee. A judgment was rendered in favor of the appellee for $1000, and the appellant has prosecuted an appeal direct to this court to reverse said judgment.

The act of 1903, above referred to, contains six sections, the first of which provides that when any drainage district shall enlarge or improve its ditches or extend its outlet so as to benefit the lands of any drainage district lying above or emptying into said district, such upper district shall be liable to said district enlarging its ditches or extending its outlet for the cost of such improvement to the extent that such upper district will be benefited by the work performed by said lower district; section 2, that in case the amount of the benefits to be paid by the upper district to the lower district cannot be adjusted by the commissioners of the two districts, the lower district shall file a petition, sworn to by at least two of the commissioners of the lower district, in the county court of the county in which the lower district was organized, against the upper district, setting forth the facts upon which the lower district claims relief, together with maps, specifications, etc., showing the work done or proposed to be done, also an estimate of the cost of the improvement; section 3, that upon the petition being filed the upper district shall be notified thereof, and the case shall be heard and tried at any probate or common law term of said court, and the practice shall be as in cases at common law; section 4, that the court, upon the hearing of the case, shall determine from the evidence what sum, if any, the lower district shall receive from the upper district, and shall render judgment therefor accordingly; section 5, that it shall not be necessary to establish that the work laid out by the lower district has been completed; and section 6, that the commissioners of the upper district shall without delay pay said judgment out of the funds of said district, if any, in their

hands, which may lawfully be applied to such purpose, otherwise they shall levy an assessment against the lands of said district to obtain the funds with which to pay said judgment. The act does not provide for an appeal from the judgment of the county court fixing the amount which the upper district shall pay to the lower district, and no section of the Drainage act authorizes an appeal from such judgment. The appeal in such case must therefore be governed by the general statute allowing appeals from judgments of the county court, and as the construction of the constitution, a franchise, a freehold or the revenue is not involved in this appeal, the appeal should have been taken in the first instance to the Appellate Court instead of to this court.

The appeal will therefore be dismissed.

*Appeal dismissed.*